# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ANTHONY ROMEO VENTRE, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:21-CV-00797-TSB |
| ) | |
| v. ) | JUDGE TIMOTHY S. BLACK |
| ) | |
| SYNCHRONY BANK, ) | |
| ) | |
| Defendant. ) | |

### **DEFENDANT SYNCHRONY BANK'S MOTION TO DISMISS**

Pursuant to F.R.C.P. 12(b)(6), Synchrony Bank ("Synchrony") respectfully moves the Court for an order dismissing the Complaint of Plaintiff Anthony Romeo Ventre, for failure to state a claim upon which relief may be granted. The reasons for the motion are set forth in the accompanying Memorandum. Synchrony makes this motion without prejudice to any and all claims and defenses, and expressly reserves its rights in connection with this litigation.

                                                                                                                   Respectfully submitted,

                                                                                                                  /s/ David A. Wallace
                                                                                                                  David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com
ibom@carpenterlipps.com
Attorneys for Defendant
Synchrony Bank

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ANTHONY ROMEO VENTRE, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:21-CV-00797-TSB |
| | ) |
| v. | ) JUDGE TIMOTHY S. BLACK |
| | ) |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT SYNCHRONY BANK'S MOTION TO DISMISS</u>**

### I.     Introduction

Plaintiff's Complaint is the epitome of threadbare legal conclusions. The entirety of his claims rest upon one allegation: that Synchrony is "reporting [his] girlfriends [sic] debt on [his] credit history causing damage and delays in a refi process." *See* Complaint. As a result of the reporting of the unidentified debt delaying an unidentified refinancing process, Plaintiff identifies three causes of action: violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Telephone Consumer Protection Act. All three claims fail as a matter of law because they are insufficiently pled.

As to the Fair Debt Collection Practices Act claim, Plaintiff fails to make any factual allegations regarding consumer debt, debt collectors, or debt collection activity. With respect to his Fair Credit Reporting Act claim, Plaintiff fails to assert any dispute to a consumer reporting agency. Finally, Plaintiff has not identified any telephone calls or any use by Synchrony of an automatic telephone dialing system, rendering his Telephone Consumer Protection Act fatally flawed. In short, Plaintiff has failed to meet the requisite pleading standards even under the most liberal construction, and Synchrony therefore respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, together with any other relief deemed equitable and just.

## II. Statement of Facts

As best as can be discerned, Anthony Romeo Ventre ("Plaintiff") is asserting three claims against Synchrony for a collection action brought against him by Defendant Synchrony Bank ("Synchrony"). *See generally*, Complaint. Plaintiff asserts that the collection action was brought for a debt that belongs to his girlfriend and for which he is not personally obligated. *Id.* According to Plaintiff, Synchrony's reporting of debt belonging to his girlfriend has resulted in a delay of his ability to refinance some unidentified loan. *Id.* Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (the "FCRA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). *Id.*

## III. Procedural History

On November 19, 2021, Plaintiff filed a Complaint in Hamilton County Municipal Court, Small Claims Division, Hamilton County, State of Ohio. On December 2, 2021, Plaintiff served Synchrony with his Complaint. On December 27, 2021, Synchrony filed a Notice of Removal to the United States District Court for the Southern District of Ohio based on federal question jurisdiction. ECF No. 1.

## IV. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To establish plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he pleading standard Rule 8 announces does not requires 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a motion to dismiss, a court "must 'construe the complaint in the light most favorable to the plaintiff . . . and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle

relief.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citations omitted)).

## V.     Argument

**A.**     **Plaintiff Fails to Sufficiently to State a Claim for Violation of the FDCPA**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Debt" is defined under the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5). Critically, the FDCPA is applicable to activity conducted by debt collectors, who are defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Additionally, "the federal courts are in agreement: A bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Montgomery*, 346 F.3d at 699.

Plaintiff's Complaint, which does not identify any particular section of the FDCPA, is void of factual allegations regarding consumer debt, debt collectors, or debt collection activity. *See generally*, Compl. In vaguely addressing the subject debt as "my girlfriend's debt," Plaintiff has failed to adequately assert that the debt at issue is primarily for personal, family, or household purposes. *Id.* Plaintiff has also failed to allege that Synchrony is a debt collector or has engaged in debt collection activity. *Id.*; *Harvey v. Great Seneca Fin. Corp.*, No. C-1-05-047, 2005 U.S. Dist. LEXIS 37002, at *16 (S.D. Ohio July 18, 2005) ("The Court thus maintains its holding that filing a lawsuit to attempt to collect a debt is not the kind of conduct that was intended to be covered by

section 1692d."). Because Plaintiff's factual allegations do not meet the pleading requirements to state a claim under the FDCPA, his claims related thereto should be dismissed.

**B.     Plaintiff Fails to Sufficiently State a Claim for Violation of the FCRA**

The "FCRA exists 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Boggio v. USAA Fed.Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007)). The FCRA imposes two obligations on furnishers of information to consumer reporting agencies. *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019). Pursuant to Section 1681s-2, furnishers must first provide accurate information to consumer reporting agencies, and, upon receipt of notice of a dispute concerning that information, they must conduct a reasonable investigation. *Id.* Further, "[t]he FCRA 'creates a private right of action' for consumers to enforce the requirement under § 1681s-2(b) that furnishers of information investigate upon receiving notice of a dispute, but not the requirement under § 1681s-2(a) that furnishers of information initially provide accurate information to consumer reporting agencies." *Id.* (citations omitted). As the Court noted in *Scott*, "[a] consumer's complaining directly to a furnisher of information about a purported  error in the information the furnisher supplied to a consumer reporting agency does not trigger the furnisher's duty to investigate under the FCRA." *Id.* at 517-18.

Plaintiff has failed to allege facts establishing that he filed a dispute with any consumer reporting agency. As a furnisher of information, Synchrony was under no obligation to conduct an investigation without notice of a dispute. Accordingly, Plaintiff's claims pursuant to the FCRA should be dismissed.

**C.     Plaintiff Fails to Sufficiently to State a Claim for Violation of the TCPA**

"The Telephone Consumer Protection Act, enacted to address certain telemarketing practices that Congress found to be an invasion of consumer privacy, regulates the use of automated telephone equipment. 47 U.S.C. § 227, et seq." *Zehala v. Am. Express*, No. 2:10-cv-848, 2011 U.S. Dist. LEXIS 109697, at *8 (S.D. Ohio Sept. 26, 2011). The TCPA provides an

outlet for consumers against such invasions of privacy under certain enumerated circumstances, including certain calls and advertisements using automatic telephone dialing systems, telephone facsimile machines, computers, and other devices. *See* 47 U.S.C. § 227(b)(1). Plaintiff has failed to allege any calls made to him whatsoever, so his claim fails for this reason alone. Additionally, he fails to allege that any unidentified calls were made using an automated telephone dialing system. For these reasons, his TCPA claim should be dismissed.

## VI. Conclusion

Plaintiff has failed to state a claim for violations of the FDCPA, FCRA, or the TCPA. In light of the factual deficiencies of the Complaint and Plaintiff's failure to meet the requisite pleading standard, Synchrony respectfully requests that this Court grant its Motion and dismiss the Complaint in its entirety with prejudice, together with any other relief deemed equitable and just.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com
ibom@carpenterlipps.com
Attorneys for Defendant
Synchrony Bank

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on January 3, 2022.  Notice of this filing was sent by operation of the Court's electronic filing system.  The parties may access this filing through the Court's ECF system.

I certify that a copy of the foregoing was also served on January 3, 2022 by First Class U.S. Mail, postage prepaid upon:

>Anthony Romeo Ventre
>3705 Homelawn Avenue
>Cincinnati, Ohio 45211

>/s/ David A. Wallace
>One of the Attorneys for Defendant
>Synchrony Bank