UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY R. VENTRE,<br>    Plaintiff, | Case No. 1:21-cv-797<br>Black, J.<br>Litkovitz, M.J. |
|     v. | |
| SYNCHRONY BANK,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on defendant Synchrony Bank's motion to dismiss (Doc. 4). Plaintiff Anthony Romeo Ventre, who is proceeding pro se, filed an explanatory letter in opposition to defendant's motion to dismiss (Doc. 6).

## I. Background

Ventre alleges that Synchrony Bank improperly reported as his a girlfriend's $190 Paypal debt. According to Ventre, he does not have and never has had a Paypal account, and he does not owe Synchrony for the debt. (Doc. 6 at PAGEID 28). Ventre alleges that Synchrony's actions negatively impact his credit rating and violate the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.* (FDCPA), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (FCRA). (Doc. 3).

Ventre filed his complaint in Hamilton County, Ohio Municipal Court using a small claims complaint form. (Doc. 3 at PAGEID 18). Synchrony removed the case to this Court and filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 1, 4).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To

withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

#### A. Fair Debt Collections Practices Act (FDCPA) Claim

Legislators created the FDCPA in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition also "includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* The FDCPA does not apply to "original creditors who use their own names to collect on their own debts or retain others to do so." *Portnoy v. Nat'l Credit Sys., Inc.* 837 F. App'x 364, 370

(6th Cir. 2020); *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (A bank to whom a debt is owed "is not a debt collector for the purposes of the FDCPA.").

According to Ventre, Synchrony Bank falsely reported that Ventre owes Synchrony $190 for an unpaid Paypal account held by Synchrony. Under those circumstances, Synchrony is a creditor seeking to collect its own debt. Synchrony is not a debt collector, and the FDCPA does not apply. Accordingly, the FDCPA claim should be dismissed pursuant to Rule 12(b)(6).

### B. Telephone Consumer Protection Act (TCPA) Claim

In response to "a torrent of vociferous consumer complaints about intrusive robocalls," legislators created the TCPA. *Barr v. American Ass'n of Political Consultants, Inc.*, 140 S.Ct. 2335, 2344 (2020) (invalidating the 2015 amendment creating an exception for collection of certain debts). The TCPA "generally prohibits robocalls to cell phones and home phones." *Id.* at 2343.

In his complaint, Ventre does not mention robocalls or telephone calls of any kind. Therefore, his complaint fails to state a claim for violation of the TCPA, and the TCPA claim should be dismissed pursuant to Rule 12(b)(6).

### C. Fair Credit Reporting Act (FCRA) Claim

The "FCRA exists 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Boggio v. USAA Fed. Savings Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007)). "To that end, [15 U.S.C.] § 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information." *Id.* When a consumer believes a "furnisher of information," such as a creditor or bank, has reported inaccurate information to a consumer reporting agency, the consumer must notify the consumer reporting agency of the inaccuracy,

and the consumer reporting agency "will then notify the original furnisher and provide it with 'all relevant information regarding the dispute.'" *Id.* (quoting 15 U.S.C. § 1681i(a)(1)-(3)). After receiving this notice, the furnisher must then perform a prompt investigation pursuant to 15 U.S.C. § 1681s-2(b).

The FCRA permits the consumer "to enforce the requirement under § 1681s-2(b) that furnishers of information investigate upon receiving notice of a dispute, but not the requirement under § 1681s-2(a) that furnishers of information initially provide accurate information to consumer reporting agencies." *Scott v. First Southern Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019) (citing *Boggio*, 696 F.3d at 615). However, "consumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate." *Id.* "A consumer's complaining directly to a furnisher of information about a purported error in the information the furnisher supplied to a consumer reporting agency does not trigger the furnisher's duty to investigate under the FCRA." *Id.* at 517-518.

In this case, Ventre (the consumer) complains that Synchrony (the furnisher) incorrectly reported his girlfriend's $190 debt as his debt. (Doc. 3 at PAGEID 18). Ventre is entitled to bring a private right of action against Synchrony but only AFTER he has reported the erroneous information to a consumer reporting agency (such as Experian, Equifax, or Transunion), thereby triggering Synchrony's obligation to investigate the matter. Ventre has not alleged that he filed a dispute with any consumer reporting agency.[1] Therefore, he has not yet triggered Synchrony's required investigation into the issue, and he is not yet entitled to bring a FCRA claim.

---

[1] For example, the United States Consumer Financial Protection Bureau provides detailed instructions, accessible via the internet or at any public library, for disputing an error on a credit report by telephone, letter, or electronically. https://www.consumerfinance.gov/ask-cfpb/how-do-i-dispute-an-error-on-my-credit-report-en-314/ (last visited March 29, 2022).

Accordingly, Ventre's FCRA claim should be dismissed without prejudice to refiling once he complies with the statutory requirements.

**IT IS THEREFORE RECOMMENDED THAT**:

Defendant's motion to dismiss (Doc. 4) be **GRANTED** as to plaintiff's FDCPA and TCPA claims and **GRANTED WITHOUT PREJUDICE** to refile once he complies with statutory requirements as to his FCRA claim.

Date:  3/31/2022

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY R. VENTRE,<br>    Plaintiff, | Case No. 1:21-cv-797<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| SYNCHRONY BANK,<br>    Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).